IN THE UNITED STATES DISTRICT COURT
                       FOR THE NORTHERN DISTRICT OF ILLINOIS
                                  EASTERN DIVISION

JOHN WILLIAMS,                           )
                                         )
                    Plaintiff,           )
                                         )
       v.                                )     Case No. 15 C 6134
                                         )
A SERGEANT FOR RIVERDALE POLICE,         )
                                         )
                    Defendant.           )

                              **MEMORANDUM ORDER**

       More than four weeks have passed since this Court issued the attached July 15 memorandum order ("Order"), yet nothing has been done by pro se plaintiff John Williams ("Williams") to permit his lawsuit, in which he claims a violation of his constitutional rights, to go forward. Because the Order granted Williams leave to proceed in forma pauperis but his ability to do so clearly depends on his being provided with legal assistance, his failure to complete and submit the form of Motion for Attorney Representation ("Motion") that was sent him together with the Order is truly puzzling.

       Despite that lack of any response on Williams' part, this Court will give him another opportunity to do so. So it is once more transmitting copies of the Motion to him, again calling his particular attention to the second last paragraph of the July 15 Order. If the required papers have not been received here on or before September 11, 2015, this Court would be constrained to dismiss this action for want of prosecution.

                                              _____
                                              Milton I. Shadur
                                              Senior United States District Judge

Date: August 14, 2015

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 6134 |
| ) | |
| A SERGEANT FOR RIVERDALE POLICE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

John Williams ("Williams") has utilized the form of Complaint for Violation of Constitutional Rights made available by the Clerk's Office for use by pro se plaintiffs to sue an unnamed Sergeant of the Riverdale police force for an asserted Fourth Amendment violation: the excessive use of a taser during the course of an arrest. Williams has accompanied the Complaint with another Clerk's-Office-supplied form: an In Forma Pauperis Application ("Application").

Because Williams is not in custody, the provisions of 28 U.S.C. § 1915 for installment payment of the required filing fee by a prisoner plaintiff do not apply to him. Instead the ordinary standards where in forma pauperis ("IFP") status is sought apply, and the financial information provided in the Application confirms Williams' entitlement to such IFP treatment. That being so, the Application is granted, and Williams' case can go forward.

That said, however, one of the boxes that Williams has checked off in the Application, which states that Williams is applying "in support of my motion for appointment of counsel," is puzzling because he has not included such a motion in his papers. Hence this Court is

ATTACHMENT

transmitting copies of another Clerk's-Office-supplied form, the Motion for Attorney Representation, together with a copy of this memorandum order.

One particularly important aspect of that Motion form is called to Williams' attention -- its Paragraph 2, which calls for a statement as to efforts taken by Williams to obtain counsel on his own. Under the caselaw from our Court of Appeals it is essential that Williams undertake reasonable efforts in that respect, for if he does not do so this Court will not be in a position to rule favorably on any such motion that he files and would therefore be unable to call on a member of the District Court trial bar to act as his counsel without charge.

Because the alleged offending Sergeant has not been identified by Williams, it is impossible to move forward with the service of process. Moreover, the procedure for learning the Sergeant's identity is technical and would be difficult for nonlawyer Williams to handle. That makes it all the more important for Williams to seek legal representation promptly, as discussed in the preceding paragraph. Meanwhile no scheduling of an initial status hearing date will be set.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 15, 2015