# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOHN WILLIAMS,                          )
                                        )
        Plaintiff,              )
                                        )
    v.                              )   Case No. 15 C 6134
                                        )
A SERGEANT FOR RIVERDALE POLICE,        )
                                        )
        Defendant.              )

## MEMORANDUM ORDER

It is difficult to understand how a pro se plaintiff who has filed a 42 U.S.C. § 1983 action that clearly states a deprivation of his constitutional rights[1] can then proceed to pay less attention to his lawsuit than the judge to whom his case has been assigned. In this instance this Court granted Williams' application for leave to proceed in forma pauperis within two days after receiving a copy of Williams' Complaint, and it coupled that July 15, 2015 memorandum order ("Order I") with a transmittal to Williams of the form required for seeking attorney representation (although Williams' In Forma Pauperis Application had said it was "in support of my motion for appointment of counsel," he had not included such a motion in his papers).

Williams simply ignored Order I, but despite that this Court issued another sua sponte order on August 14 ("Order II") that again called on Williams to submit the Clerk's-Office-supplied form of Motion for Attorney Representation because, as Order II said, his ability to proceed with his lawsuit "clearly depends on his being provided with legal assistance." Once again Williams totally ignored that directive during the four weeks that Order II had set for

---

[1] This Court should not be misunderstood as expressing any substantive view on the merits of the claim advanced by plaintiff John Williams ("Williams") -- what is said in the text reflects the facial viability of what Williams has alleged, as must be done at this threshold stage.

compliance, this time even though Order II had concluded with a warning that further noncompliance would trigger dismissal of this action for want of prosecution.

With Order II's stated deadline of September 11 having come and gone without any response from Williams, this Court kept its word and dismissed the action for want of prosecution on September 15. But just a day later the Clerk's Office received from Williams a completed form of Motion for Attorney Representation that reported his having communicated with a single law firm to seek representation but stated nothing as to why that contact had been unsuccessful or as to any other efforts he had made.

Even though that submission was inadequate substantively and had clearly been sent by Williams <u>after</u> the September 11 deadline date,[2] this Court is loath to see a potentially viable claim of constitutional deprivation fail under such circumstances. It therefore vacates the dismissal of this action for want of prosecution and has accordingly obtained the name of this member of the District Court trial bar to represent Williams:

> Robert Lee Reifenberg
> Clausen Miller P.C.
> 10 South LaSalle Street
> Suite 1600
> Chicago, IL 60603
> 312-855-1010
> E-mail: rreifenberg@clausen.com.

Needless to say, this Court expects Williams to provide that counsel with full cooperation in furthering his lawsuit -- as stated earlier in this memorandum order, such constructive cooperation has been absent up to this point.

---

[2] Williams signed and dated the motion on September 12.

Finally, this Court's customary scheduling order has been entered contemporaneously with this memorandum order. It is anticipated that in the interim the designated counsel will undertake appropriate efforts to identify and serve with process the presently unnamed Sergeant of the Riverdale Police force targeted in Williams' Complaint.

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 1, 2015