IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 6134 |
| | ) |
| A SERGEANT FOR RIVERDALE POLICE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

In this putative 42 U.S.C. § 1983 ("Section 1983") action brought pro se by John Williams ("Williams") against a defendant named only as "A Sergeant for Riverdale Police," this Court sought on several occasions to provide Williams with assistance in attempting to pursue his claim. Unfortunately Williams consistently ignored this Court's memorandum orders to that end, demonstrating the same inattention to his rights that led to his last-minute filing of his Complaint and an accompanying In Forma Pauperis Application: Those documents were not received in the District Court Clerk's Office until July 15 of this year, two years and three days after the incident that formed the gravamen of his claim.[1]

This Court ultimately designated a member of the trial bar to represent Williams -- but the conscientious counsel who received that designation has found it necessary to file the civil

---

[1] Williams barely got in under the wire in terms of the Illinois limitation period of two years for personal injury suits that applies with equal force as to Section 1983 claims such as the one advanced by Williams. Indeed, Williams required the benefit of the "mailbox rule" to get a July 10, 2015 "filing" date for his Complaint, just three days before the two-year clock ran out.

case equivalent of an Anders motion -- what she labeled a "Motion to Withdraw as Attorneys for Plaintiff, John Williams" -- that represents in relevant part:

> In counsels' opinions, the party's claims are not warranted under existing law and cannot be supported by good faith argument for extension, modification, or reversal of existing law. Thus, grounds exist for relief under LR 83.38(5).

This Court, sensitive to constraints imposed by the attorney-client privilege, inquired of counsel at the November 23 presentment date of that motion whether she could provide a more particularized explanation without breaching the privilege. Counsel's response was that the privilege posed no problem, because Williams' attempted claim was unquestionably barred by limitations.

This Court has looked into the issue independently, and it has confirmed the correctness of the designated counsel's position. It was more than two decades ago that our Court of Appeals confirmed in Worthington v. Wilson, 8 F.3d 1253, 1257 (7th Cir. 1993) that Fed. R. Civ. P. ("Rule") 15(c) would not permit the relation back of any amendment to a complaint that sought to identify an originally unidentified defendant. More recently that ruling was reconfirmed in Joseph v. Elan Motorsports Techs. Racing Corp., 638 F.3d 555, 559-60 (7th Cir. 2011), relying in part on the Supreme Court's decision in Krupski v. Costa Crociere S.p.A, 560 U.S. 538 (2010).[2] Although that rule may operate harshly in many situations, that is not the case here, where the statutory untimeliness of Williams' lawsuit is the direct consequence of his having waited so long to bring suit.

In sum, the untimeliness of this action in limitations terms is both incontrovertible and incurable. Nor does Williams even hint at any possible predicate for invoking equitable tolling

---

[2] Those more current cases dealt with slightly different wording in the current version of Rule 15(c), but the substance of their rulings remains equally applicable.

of the limitations clock, a subject that was discussed in Worthington, 8 F.3d at 1257 as potentially invokable if either the unnamed Sergeant or perhaps anyone else connected to Riverdale had done anything to conceal the Sergeant's identity.  Accordingly both the Complaint and this action are dismissed with prejudice.

                                        Milton I. Shadur
                                        Senior United States District Judge

Date:  November 24, 2015